**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JEAN COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 15-937 |
| | ) | |
| | ) | |
| GERRI VOLCHKO PAULISICK and | ) | |
| JOSEPH R. PAULISICK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## OPINION

Plaintiff, Jean Coulter ("Coulter"), proceeding pro se, filed this action, which

arises out of a property damage dispute between owners of adjoining parcels of land in Butler,

Pennsylvania, on July 20, 2015. (ECF No. 1.)  Counsel for defendants Gerri Volchko Paulisick

and Joseph R. Paulisick (the "Paulisicks") entered an appearance on October 21, 2015, and filed

a motion to dismiss on November 24, 2015. (ECF Nos. 3, 5.)  After being granted an extension

of time to respond to that motion, due to a computer malfunction, Coulter filed an amended

complaint on December 28, 2015. (ECF Nos. 7-9.)  On that same date, Coulter filed a document

entitled to "motion to stay." (ECF No. 10.)

In her amended complaint, Coulter asserts nine causes of action against the

Paulisicks, ranging from "severe neglect of their property" and "blatant disregard for the safety

of others" to "breach of contract" and "conspiracy under color of law." (ECF No. 9 at 1.)

Coulter asserts that she owns a parcel of improved land on North McKean Street, Butler,

Pennsylvania, that is adjacent to a parcel of improved land owned by the Paulisicks. (ECF No. 9

¶¶ 6, 18.)  Coulter avers that the Paulisicks' neglect and misuse of their property, in particular of several trees located along the border of the two parcels of property in dispute, caused damage to her property. (Id. ¶¶ 9-17.)

In their motion to dismiss, the Paulisicks argued that Coulter failed to join two indispensable parties, i.e., her brother and sister who both own interests in the North McKean Street property which was allegedly damaged. (ECF No. 6 at 2-4.)  The Paulisicks also argued that Coulter's complaint did not contain "sufficient averments to establish diversity of citizenship" because Coulter claimed to be a resident of New Jersey, but listed a Pennsylvania mailing address. (Id. at 5.)[1]  The Paulisicks, in the alternative, challenged the factual sufficiency of several of the legal claims pled in the original complaint, and asked this court to strike "various scandalous and impertinent averments" and the prayer for punitive damages from the complaint. (Id. at 6-11.)  Coulter's amended complaint essentially reproduces the text of the original complaint with Coulter's commentary and reaction to the Paulisicks' motion to dismiss added to each paragraph in bold and italic text. (compare, e.g., ECF No. 1 ¶ 5 with ECF No. 9 ¶ 5 (adding the word "possibly" to the statement that the North McKean Street property is owned by Coulter's sister)).

In the motion to stay, filed on the same date as the amended complaint, Coulter acknowledges that there is an ongoing ownership dispute about the North McKean Street property with her brother, James P. Coulter.  That dispute is pending "before another court" referred to as "the Philadelphia Court." (ECF No. 10 ¶¶ 2, 6.)  Coulter states that this case must

---

[1]  In her amended complaint, Coulter includes various specific allegations concerning the circumstances of her New Jersey citizenship. (ECF No. 9 ¶ 1.)  There is pending no motion to dismiss  which challenges those allegations.  Should this case be later reopened, the court, if a motion to dismiss is filed, will address any challenge to the veracity of these factual allegations.

be stayed "as the actual ownership of the damaged property remains a legal question," and explains that suit was filed in this court only to avoid a statute of limitations defense. (Id. at 3.)

Due to the pendency of the previously-filed lawsuit concerning ownership of the North McKean Street property, Coulter's motion to stay must be granted. That litigation will affect which parties must be named as plaintiffs in the instant lawsuit, which will in turn affect how this court's diversity jurisdiction is determined. These issues are fundamental to this court's power to adjudicate the present dispute, and it would be improper for this court to proceed without a ruling from the state court with respect to ownership. This case will be administratively closed pending the outcome of that litigation. The Paulisicks' motion to dismiss will be denied as moot, but without prejudice.

An appropriate order will be filed contemporaneously with this opinion.


Dated: January 11, 2016                    BY THE COURT,

                                           /s/ *Joy Flowers Conti*
                                           Joy Flowers Conti
                                           Chief United States District Judge

cc:  Jean Coulter
     3000 Chestnut Street
     P.O. Box 8094
     Philadelphia, PA 19101