# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:15-cv-00937 |
| | ) |
| GERRI VOLCHKO PAULISICK and | ) |
| JOSEPH R. PAULISICK | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court are a motion for recusal pursuant to 28 U.S.C. § 455 (ECF No. 20), and a motion for sanctions, special relief, and a change of venue (ECF No. 22), filed by pro se plaintiff Jean Coulter ("Coulter" or "plaintiff"). Also pending is a motion to dismiss and strike this civil action filed by defendants Gerri Volchko Paulisick and Joseph R. Paulisick (collectively, the "Paulisicks") (ECF No. 18). The motions are fully briefed and ripe for disposition. Before the court can address any of these motions, however, it must assure it has subject-matter jurisdiction.

I.  Factual and Procedural Background

This action arose out of a seemingly simple property dispute between neighbors. On July 20, 2015, Coulter filed the original complaint against the Paulisicks, alleging that a fallen tree branch from the Paulisicks' property caused damage to Coulter's adjoining property in Butler, Pennsylvania in July 2013 (ECF No. 9).

The Paulisicks filed a motion to dismiss and to strike the original complaint on November 24, 2015, raising the issue of failure to join an indispensable party, namely James Coulter

1

(plaintiff's brother and alleged co-owner of the property), against whom Coulter filed a separate lawsuit in state court. (ECF Nos. 5, 6). Coulter responded with an amended complaint on December 28, 2015. (ECF No. 9). The amended complaint re-asserts claims of negligence, fraud, severe neglect of property, breach of implied contract, breach of contract, civil conspiracy, and blatant disregard for the safety of others. *Id.* at 2. Coulter also attempts to assert criminal claims of theft and conspiracy. *Id.*

The amended complaint states that after the tree allegedly fell and damaged Coulter's property, the Paulisicks failed to inform Coulter. *Id.* at 7. Coulter avers that the tree in question had been previously trimmed on the Paulisicks' side only. *Id.* at 10. Coulter also alleges that "at some point in the first twenty-four to thirty-six hours after Coulter learned about the fallen tree, someone removed the jewelry ***and other valuables*** which had belonged to Coulter's Mother." *Id.* at 11 (emphasis original). Central to Coulter's complaint were the actions of her brother, James Coulter.

In her amended complaint, Coulter alleges the court has jurisdiction under 28 U.S.C. § 1332, because she is a resident of New Jersey. Coulter claims to have been a resident of New Jersey "since June 2014," and alleges that she "pays taxes as a resident of New Jersey, carries Health Insurance which limits payments to New Jersey-based providers, [and] is licensed to drive by New Jersey." (ECF No. 9 at ¶¶ 1-2). Coulter's mailing address listed on the face of the amended complaint is located in Philadelphia, Pennsylvania, and she admits that has been her principal mailing address since 2011. (ECF No. 9 at ¶ 1).

Coulter filed a motion to stay, arguing that the federal matter should be stayed pending the outcome of her state litigation against her brother. (ECF No. 10). The court granted the stay,

with the order that Coulter notify the court within fourteen days of the final disposition of the litigation against her brother. (ECF No. 13).[1]

On July 27, 2015, seven days after filing her original complaint against the Paulisicks in this case, Coulter filed a second suit in the Western District of Pennsylvania, Civil Action No. 15-967, this time against her brother, after learning that he was planning to remove the original litigation from Butler County to federal court. The court issued an order for Coulter to show cause why jurisdiction was proper, in which the court reviewed the legal rules governing citizenship of an individual. (Civil Case 15-967, ECF No. 2). Coulter filed a response, attaching numerous documents. (Civil Case 15-967, ECF No. 3). After review of these materials, the court found that Coulter is a Pennsylvania citizen and dismissed the case for lack of jurisdiction. (Civil Case 15-967, ECF No. 8). The court found that Coulter did not produce a preponderance of evidence sufficient to meet the burden of proof and overcome the presumption of her Pennsylvania domicile and did not establish an intent to remain in New Jersey.

Coulter appealed to the Third Circuit Court of Appeals, which affirmed the district court's finding that it lacked subject-matter jurisdiction. *Coulter v. Coulter*, 715 F. App'x 158 (3d Cir. 2017), cert. denied, 138 S. Ct. 2028, reh'g denied, 138 S. Ct. 2712 (2018). The Third Circuit Court of Appeals held that Coulter was a citizen of Pennsylvania on July 27, 2015, when she filed suit against her brother. *Id.* at 161. The court of appeals held that a motion for recusal filed by Coulter against the presiding judge in Civil Case No. 15-967 was rendered moot after the court concluded that it lacked jurisdiction. *Id.*

---

[1] The Paulisicks filed a motion for reconsideration on July 12, 2018, which the court granted and permitted the Paulisicks to file a motion to dismiss the amended complaint. (ECF Nos. 15, 17). The Paulisicks thereafter filed a motion to dismiss and to strike the amended complaint. (ECF Nos. 18, 19).

II.      <u>Legal Standards</u>

    A. Jurisdiction

Under 28 U.S.C. § 1332, diversity jurisdiction requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. It is a long-standing principle that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824). In other words, "although challenges to subject-matter jurisdiction may be raised at any time, whether diversity exists is determined by the citizenship of the parties at the time the action is filed." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 n.9 (3d Cir. 2015). This principle was reaffirmed by the United States Supreme Court in *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004), which held that a party's post-filing change in citizenship cannot cure a lack of diversity subject-matter jurisdiction in the original filing.

    B. Issue Preclusion

The doctrine of collateral estoppel, or issue preclusion, "has been utilized for more than a century." *Tice v. Bristol-Myers Squibb Co.*, 515 F. Supp. 2d 580, 590 (W.D. Pa. 2007). Issue preclusion is based upon the premise "that once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed." *Parklane Hosiery v. Shore*, 439 U.S. 322, 336 (1979). It "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy, by preventing needless litigation." *Id.* at 326. The doctrine "prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies. Issue preclusion forecloses relitigation in a later action of an issue of fact or law which was actually

litigated and which was necessary to the original judgment." *Witkowski v. Welch*, 173 F.3d 192, 198–99 (3d Cir. 1999) (internal citations omitted).

III.     Discussion

Coulter contends that this court has subject-matter jurisdiction on the basis of complete diversity of citizenship between the parties. Coulter avers that she has been a resident of New Jersey since June 2014. (ECF No. 9 at ¶ 1). Coulter's federal suit against her brother (Civil Action No. 15-967) was filed one week after she filed this suit against the Paulisicks. The court (after giving Coulter a full opportunity to litigate the issue) rejected Coulter's claim that she was a citizen of New Jersey. The court found that it lacked subject-matter jurisdiction because both parties were citizens of Pennsylvania at the time of filing. (Civil Case 15-967, ECF No. 8). These findings were affirmed by the Third Circuit Court of Appeals. *Coulter v. Coulter*, 715 F. App'x 158 (3d Cir. 2017). Under the doctrine of issue preclusion, this court is bound by the factual findings and legal determinations of prior courts over a previously litigated issue. The court is equally bound by the determinations of the Third Circuit Court of Appeals. Simply put: Coulter was a citizen of Pennsylvania at the time she filed this case. Because the Paulisicks are also citizens of Pennsylvania, the court lacks the ability to exercise jurisdiction over this case and it must be dismissed. All remaining motions, including Coulter's recusal motion against this court, must be denied as moot. *Id.* at 161.

IV.     Conclusion

This court lacks subject-matter jurisdiction over this case because it was conclusively determined that Coulter was a Pennsylvania citizen when the case was filed.  All pending motions will be denied as moot and the case will be marked closed.

An appropriate order follows.


November 30, 2018


                                             BY THE COURT:

                                             /s/ *Joy Flowers Conti*
                                             Joy Flowers Conti
                                             Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:15-cv-00937 |
| GERRI VOLCHKO PAULISICK and JOSEPH R. PAULISICK | ) |
| Defendants. | ) |

# **ORDER**

AND NOW, this 30th day of November, 2018, in accordance with the memorandum opinion, IT IS HEREBY ORDERED that the case shall be dismissed for lack of subject-matter jurisdiction. All pending motions (ECF Nos. 18, 20, 22) are DENIED AS MOOT. The case shall be marked closed.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge