IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN COULTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:15-cv-00937 |
| | ) | |
| GERRI VOLCHKO PAULISICK and | ) | |
| JOSEPH R. PAULISICK | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On November 30, 2018, the court determined that it lacked subject-matter jurisdiction over this case and, therefore, denied all pending motions as moot and dismissed the case. Pro se plaintiff Jean Coulter ("Coulter" or "plaintiff") filed a motion seeking reconsideration of that order (ECF No. 27), with several attachments. Defendants filed a response in opposition to the motion (ECF No. 28) and it is ripe for decision.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (quoting *Atkins v.*

1

*Marathon LeTourneau Co*., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995). *See generally United States ex rel. Emanuele v. Medicor Assocs*., No. CV 10-245, 2017 WL 3675921, at *1 (W.D. Pa. Aug. 25, 2017).

Coulter failed to meet this standard. She points to no intervening changes of law, provides no new evidence of her citizenship on the date this action was filed, and does not identify any clear error or manifest injustice. Instead, she makes numerous unsupported allegations of judicial misconduct.

Coulter apparently recognizes that the court has a non-delegable duty to assure that it may exercise subject-matter jurisdiction and that citizenship is determined at the commencement of the case. (ECF No. 27 at 3-4). As this court explained in its November 30, 2018 memorandum opinion, Coulter averred that she has been a resident of New Jersey since June 2014, but this contention was rejected on the merits. The court determined that Coulter was still a citizen of Pennsylvania when she filed a federal suit against her brother (Civil Action No. 15-967) one week <u>after</u> she filed this suit against the Paulisicks. These findings were affirmed by the Third Circuit Court of Appeals. *Coulter v. Coulter*, 715 F. App'x 158 (3d Cir. 2017). This court is bound by those determinations. The court adheres to its analysis.

Coulter's citation to a decision in a different litigation, *Coulter v. Lindsay*, Civil Action No. 15-289, is not persuasive. The order dismissing that case with prejudice did not analyze subject-matter jurisdiction or determine that Coulter was a citizen of New Jersey (or Illinois).[1] Instead,

---

[1] Coulter suggested that she was perhaps still a citizen of Illinois (ECF No. 27 at 3), but provided no supporting evidence.

the court summarily dismissed the case because Coulter was designated as a vexatious litigant. (ECF No. 127-1).

For these reasons, the court adheres to its decision in the November 30, 2018 memorandum opinion and order. Coulter's motion seeking reconsideration of that order (ECF No. 27) will be DENIED.

An appropriate order follows.

January 4, 2019

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEAN COULTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:15-cv-00937 |
| | ) | |
| GERRI VOLCHKO PAULISICK and | ) | |
| JOSEPH R. PAULISICK | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 4th day of January, 2019, in accordance with the memorandum opinion,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 27) is DENIED.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge